### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
**Miami Division**

| | | |
|---|---|---|
| NEW CINGULAR WIRELESS PCS, LLC, dba AT&T MOBILITY, a Delaware Limited Liability Company, | ) ) ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CITY OF MIAMI, a Florida municipal corporation, | ) ) ) | |
| Defendant. | ) ) ) ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff New Cingular Wireless PCS, LLC, doing business as AT&T Mobility ("AT&T" or "Plaintiff") brings this Complaint for Declaratory Judgment and Injunctive Relief against Defendant the City of Miami, Florida (the "City"), and states as follows:

### NATURE OF THE ACTION

1.      AT&T seeks declaratory and injunctive relief based on the City's refusal to allow AT&T to construct wireless facilities pursuant to approved permits, in violation of federal and state law. The permits are for "small cell" facilities, which are small antennas and related equipment installed on existing or new utility poles or similar structures and used to provide wireless telecommunications services. Both federal and Florida law limit the ability of municipalities to block the installation of such facilities, based on nationwide and statewide goals of promoting the availability of advanced wireless telecommunications service.

2.      AT&T has been trying for months to place small cell facilities in the City, with the urgent goal of rectifying deficiencies and improving signals before Super Bowl LIV, to be held on February 2, 2020, with events and media coverage to begin in early January 2020. In

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

ACTIVE 11433340.1

order to improve service as needed, AT&T must commence construction as soon as possible.

3.       To that end, AT&T has received various approvals and authorizations from the Florida Department of Transportation ("FDOT"), Miami-Dade County (the "County"), and the City, for installation of over 100 small cell facilities ("Approved Small Cells") in the rights-of-way managed by each of those entities, respectively, within the City of Miami (collectively, the "ROW"). In reliance on those authorizations and approvals, and applicable laws, AT&T is ready to begin installing the Approved Small Cells in the ROW. AT&T has ordered and received all necessary materials, has lined up necessary construction devices and crews, and has taken all other steps necessary to install the Approved Small Cells.

4.        In contravention of AT&T's right to begin installation, the City has scheduled a construction moratorium on all work within the public rights-of-way from November 26, 2019, 6:00PM through January 2, 2020 at 8:00 AM ("Holiday Moratorium"). The Holiday Moratorium prohibits all construction activities in the public rights-of-way during this entire 38-day period. In fact, the Holiday Moratorium requires all equipment and materials to be removed from the right-of-way for this entire timeframe. Despite AT&T's requests for an exception or waiver, the City has expressed its intent to enforce the Holiday Moratorium to the ROW, and to AT&T's Approved Small Cells within the City limits.

5.       Unless AT&T is permitted to immediately begin construction on the Approved Small Cells in the ROW during the Holiday Moratorium, AT&T will be unable to improve service as it must, and will be unable to meet its customers' needs for the impending Super Bowl activities, and afterward.

6.       The City is violating Sections 253 and 332 of the Federal Communications Act of 1934, as amended by the Telecommunications Act of 1996 (the "Telecom Act"), 47 U.S.C. §§ 253, 332, which limit the power of municipalities to regulate deployment of telecommunications facilities and personal wireless service facilities, and forbid municipalities from acting or failing to act in a manner that prohibits telecommunications and personal wireless services. The City's

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

ACTIVE 11433340.1

refusal to allow AT&T to install the Approved Small Cells until January 3, 2020, materially inhibits AT&T's provision of telecommunications services and personal wireless services in violation of the Telecom Act.

7.     The City's refusal to allow AT&T to install the Approved Small Cells also violates Florida's "Advanced Wireless Infrastructure Deployment Act" and its amendments, Fla. Stat. § 337.401(7) *et seq.* ("Florida Small Cell Statute"). The Florida Small Cell Statute prohibits the City from "[r]equir[ing] compliance with an authority's provisions regarding placement of small wireless facilities or a new utility pole used to support a small wireless facility in rights-of-way under the control of [FDOT] unless the authority has received a delegation from [FDOT]…." Fla. Stat. 337.401(7)(d)(3)(d). By enforcing the Holiday Moratorium, the City is enforcing a provision regarding placement of AT&T's Approved Small Cells in the FDOT ROW in violation of the Florida Small Cell Statute.

8.     AT&T seeks (1) a declaration that provisions of the Florida Small Cell Statute preempt the City's Holiday Moratorium regarding placement of AT&T's Approved Small Cells; (2) a declaration that the Telecom Act preempts the City from enforcing its Holiday Moratorium with respect to the Approved Small Cells; (3) an order compelling the City to allow AT&T to install the Approved Small Cells during the period of the Holiday Moratorium; and (4) an award of AT&T's reasonable costs, including attorneys' fees.

## THE PARTIES

9.     Plaintiff New Cingular Wireless PCS, LLC, doing business as AT&T Mobility is a limited liability company organized, existing, and operating under the laws of Delaware, with its principal place of business in Atlanta, Georgia, with offices at locations throughout Florida. At all times relevant herein, AT&T has been and is qualified to do business in Florida. AT&T is a wireless telecommunications carrier that provides personal wireless services within the meaning of the Telecom Act.

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

ACTIVE 11433340.1

10.     Defendant City of Miami (the "City") is a municipal corporation existing under the laws of the State of Florida and is subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

11.     This action arises under the Constitution and laws of the United States, including the Supremacy Clause, Article VI, Clause 2 of the United States Constitution and the Communications Act of 1934, as amended by the Telecommunications Act of 1996, 47 U.S.C. § 332 (the "Telecom Act"). The Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1337 (commerce). The Court also has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000). The Court also has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are within the same case or controversy as the federal claims.

12.     The Court has authority to grant declaratory relief and related injunctive relief, based on the existence of an actual controversy, under 28 U.S.C. §§ 2201-2202, and the provisions of the Florida Small Cell Statute, Fla. Stat. § 337.401(8)(b)(1).

13.     Venue is proper in this District under 28 U.S.C. § 1391 because the claims stated herein arose in this judicial district.

## REQUEST FOR EXPEDITED REVIEW

14.     Pursuant to 47 U.S.C. § 332(c)(7)(B)(v), AT&T requests expedited review of this matter and setting of the same for hearing and/or trial.

## THE FEDERAL TELECOMMUNICATIONS ACT

15.     Congress enacted the Telecom Act "to promote competition and reduce regulation in order to secure lower prices and higher quality services for American telecommunications consumers and encourage the rapid deployment of new telecommunications technologies."

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

ACTIVE 11433340.1

Telecommunications Act of 1996, Pub. L. 104, 110 Stat. 56 (1996) (codified as amended in scattered sections of U.S.C., Tabs 15, 18, 47).

16.     The Telecom Act limits the authority of state and local governments to regulate "the placement, construction, and modification of personal wireless service facilities" (47 U.S.C. § 332(c)(7)(B)) and was enacted in part to prioritize and streamline deployment of wireless technologies on a national basis. *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 115-16 (2005). Among those restrictions on local and state governments to restrict personal wireless and telecommunications services is 47 U.S.C. § 253 ("Section 253"), which provides, *inter alia,* that "[n]o State or local statute or regulation, or other State or local legal requirement, may prohibit . . . the ability of any entity to provide any interstate or intrastate telecommunications service."

17.     Congress empowered the Federal Communications Commission ("FCC") to interpret provisions of the Telecom Act and to promulgate regulations. *In the Matter of Accelerating Wireline Broadband Deployment by Removing Barriers to Infrastructure Investment*, 33 FCC Rcd. 9088, (FCC rel. Sept. 27, 2018) (hereinafter "*Small Cell Order*"). Consistent with the FCC's broad mandate, courts have repeatedly recognized the FCC's authority to interpret 47 U.S.C. sections 253 and 332 to clarify what types of state and local legal requirements conflict with the statutory parameters established by Congress. *City of Arlington v. Federal Communications Commission*, 668 F.3d 229, 253 (5th Cir. 2012); *RT Communications, Inc. v. Federal Communications Commission*, 201 F.3d 1264, 1268 (10th Cir. 2000).

18.     The FCC has explained that a "state or local legal requirement has the effect of prohibiting telecommunications service when that legal requirement 'materially limits' or inhibits the ability of any competitor or potential competitor to compete in a fair and balanced legal and regulatory environment." *Small Cell Order*, ¶ 35. Stated differently, "an effective prohibition occurs where a [local regulation] materially inhibits a provider's ability to engage in any of a variety of activities related to its provision of a covered service." *Id.* at ¶ 37. The FCC

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

ACTIVE 11433340.1

has determined that the prohibition standard under Section 253, as well as 47 U.S.C. § 332 ("Section 332"), extends to anything that effects a prohibition of a covered service.

### i. Restrictions on Prohibition of Wireless Service

19.      Citing authorities violate the Telecom Act when their actions prevent providers from: (1) filling a coverage gap; (2) addressing a capacity gap; (3) densifying an existing wireless network; (4) introducing new services; or (5) otherwise improving service.

20.      Courts interpreting the Telecom Act hold that a wireless carrier may install wireless service facilities so long as the carrier demonstrates that there is a "significant gap" in service and that the proposed installation is the "least intrusive" means of closing that gap. *See T-Mobile USA, Inc. v. City of Anacortes*, 572 F.3d 987, 995 (9th Cir. 2009). If there is a "gap in service" and if the proposed installation is the "least intrusive means" of filling that gap, a municipality must grant the permit application. *See* 47 U.S.C. § 332(c)(7)(B)(i)(II) (local regulations "shall not prohibit or have the effect of prohibiting the provision of personal wireless services"); *Sprint PC Assets, L.L.C. v. City of Palos Verdes Estates*, 583 F.3d 716, 726 (9th Cir. 2009); *City of Anacortes*, 572 F.3d at 995.

21.      The FCC has made clear that Section 332 is not limited to situations in which a wireless carrier demonstrates a significant coverage gap, but also occurs when the decision of a local government materially inhibits wireless services. *See Small Cell Order* at ¶¶ 35-42; see also, *In the Matter of California Payphone Assoc. Petition for Preemption, Etc., Opinion and Order,* 12 FCC Rcd. 14191 (FCC rel. July 17, 1997). According to the FCC, a local government "could materially inhibit service in numerous ways – not only by rendering a service provider unable to provide existing service in a new geographic area or by restricting the entry of a new provider in providing service in a particular area, but also by *materially inhibiting the introduction of new services or the improvement of existing services*." *Small Cell Order*, ¶ 37 (emphasis added).

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

ACTIVE 11433340.1

      ii.      **Unlawful Moratoria**

22.      Federal law prohibits moratoria on the processing and implementing of permits for deployment of facilities capable of providing both telecommunications and information services, whether wireline or wireless. *See In the Matter of Accelerating Wireline Broadband Deployment by Removing Barriers to Infrastructure Investment*, 33 FCC Rcd. 7705, ¶¶ 145, 149, 167 (FCC rel. Aug. 3, 2018) (hereinafter, "*FCC Moratoria Ruling*"). Moratoria, like the City's Holiday Moratorium, "harm the public by prohibiting or having the effect of prohibiting the provision and deployment of telecommunications services and/or facilities." *Id.* at ¶ 145. Section 253 prohibits both express and *de facto* moratoria. *Id.* at ¶ 149. The scope of this prohibition "specifically include[s] facilities [that are] necessary for the provision of covered services within the scope of section 253." *Id.* at ¶ 145, n.531. Similarly, 47 U.S.C. § 332(c)(7) ("Section 332") prohibits state or local governments from regulating the placement, construction, and modification of small wireless facilities in a manner that "prohibit[s]" or has "the effect of prohibiting the provision of personal wireless services."

## FLORIDA'S SMALL CELL STATUTE

23.      In 2017, the Florida Legislature adopted, and the Governor signed, CS/CS/HB 687, amending Section 337.401, Florida Statutes, by adding subsection 337.401(7), known as the "Advanced Wireless Infrastructure Deployment Act." In 2019, the Florida Legislature adopted, and the Governor signed, CS/CS/CS/SB 1000, further amending the statute by providing limitations on registration, permitting and other regulations addressing providers' use of public rights-of-way and municipal utility poles, and creating Section 337.401(8), Florida Statutes, which provides a civil cause of action in state or federal court for any person aggrieved by a violation. These laws are collectively referred to herein as the Florida Small Cell Statute.

24.      The Florida Small Cell Statute grants the wireless communications industry access to public rights-of-way (typically sidewalks and streets) and publicly funded utility poles (including traffic signal, lighting, and signage poles) to attach wireless antennas and associated

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

equipment. The Florida Small Cell Statute limits the authority of municipalities to enforce various registration, permitting, and other regulations addressing communications providers' use of public rights-of-way and municipal utility poles, and create a civil cause of action for anyone aggrieved under the statute. Fla. Stat. § 337.401(8)(a) *et seq.* Under the Florida Small Cell Statute, an "authority" is defined as a "county or municipality having jurisdiction and control of the rights-of-way of any public road." Fla. Stat. § 337.401(7)(b)(5). The City of Miami is an "authority" under the Florida Small Cell Statute.

### i.    Florida Small Cell Statute Limitation on Local Regulation of FDOT ROW

25.    The Florida Small Cell Statute addresses a wireless service provider's rights in installing small cell sites on FDOT rights-of-way and prohibits an authority's ability to impose zoning or other requirements regarding installation of small cells in FDOT rights-of-way. Specifically, the statute provides that an authority may not:

> Require compliance with an authority's provisions regarding placement of small wireless facilities or a new utility pole used to support a small wireless facility in rights-of-way under the control of the department unless the authority has received a delegation from the department for the location of the small wireless facility or utility pole or require such compliance as a condition to receive a permit that is ancillary to the permit for collocation of a small wireless facility, including an electrical permit.

Fla. Stat. § 337.401(7)(d)(3)(d).

### ii.    Unlawful Moratoria

26.    The Florida Small Cell Statute also broadly prohibits moratoria on processing and implementing permits for deployment of small wireless facilities. Specifically, the statute provides that an authority may not:

> institute, either expressly or de facto, a moratorium, zoning-in-progress, or other mechanism that would prohibit or delay the filing, receiving, or processing of registrations, applications, or issuing of permits or other approvals for the collocation of small wireless facilities or the installation,

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

modification, or replacement of utility poles used to support the collocation of small wireless facilities.

Fla. Stat. § 337.401(7)(g).

## FACTUAL BACKGROUND

### i.   AT&T's Need for the Proposed Facilities

27.     AT&T provides personal wireless services to its customers throughout the area relevant to this Complaint pursuant to spectrum frequency licenses issued by the FCC. In order to provide reliable, high-quality wireless services, AT&T continually assesses the state of its wireless network, to identify and address network needs before they adversely affect service to AT&T customers.

28.     AT&T's radio frequency engineers have identified deficiencies in its wireless services throughout Miami. The deficiencies are caused by a dramatic increase in mobile data on the network, which constrains network capacity and can degrade service quality for AT&T's wireless customers. If not quickly rectified, these deficiencies will result in unreliable signals, and customers will have problems accessing AT&T's wireless network, particularly during busy usage periods, such as the period of time surrounding Super Bowl-related events in the Miami area in January and February 2020. In the long term, if these deficiencies remain, wireless customers will continue to have problems accessing AT&T's wireless network throughout Miami on an ongoing basis. AT&T now needs to eliminate these service deficiencies and improve reliability of, and access to, its personal wireless services throughout Miami. AT&T's radio frequency engineers have determined that the Approved Small Cells are required to provide adequate service to its customers, to remedy these deficiencies, and to close an existing service coverage gap. Every day AT&T is prevented from installing the Approved Small Cells, it is materially inhibited from improving wireless services.

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

ii.   **AT&T's Applications and Approvals**

29.   AT&T submitted applications seeking to install new utility poles for small wireless facilities in the ROW within the City of Miami.

30.   The City and other required permitting entities approved AT&T's applications. The Approved Small Cells are identified in the attached Exhibit A.

iii.   **The City's Unlawful Enforcement of its Construction Moratorium**

31.   The City has issued a policy to prohibit all construction of utility deployments in the public rights-of-way, including the ROW, from November 26, 2019, 6PM through January 2, 2020. Specifically, on or about September 6, 2019, the City issued a memorandum titled "Moratorium on Construction Work within the Public Right-of-Way during the 2019 Holiday Season." *See* Exhibit B. The Holiday Moratorium broadly prohibits any construction in designated rights-of-way, including the locations for the Approved Small Cells. The Holiday Moratorium requires removal of all equipment and materials from the rights-of-way, requires trenches to be backfilled, and requires sidewalks to be restored.

32.   The City has expressed its intent to enforce its Holiday Moratorium to prevent AT&T from installing the Approved Small Cells. AT&T has requested an exception from or waiver of the Holiday Moratorium for the limited purpose of installing the Approved Small Cells. AT&T has alternatively requested a partial exception or waiver to authorize construction during specific off hours to install the Approved Small Cells. To date the City has refused AT&T's requests and continues to enforce the Holiday Moratorium to prevent installation of the Approved Small Cells.

33.   AT&T has been adversely affected by the City's improper refusal to allow construction of the Approved Small Cells.

## SUMMARY OF RELIEF SOUGHT

34.   Enforcement of the City's Holiday Moratorium materially inhibits AT&T's ability to provide and improve wireless services, and there are no less intrusive or reasonable

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

alternative locations for these facilities. The Approved Small Cells are needed to close AT&T's significant service coverage gaps in its LTE wireless service throughout the City and are the best available and least intrusive means to close those significant gaps.

35.    In this action, Plaintiff seeks declaratory and injunctive relief in the form of an order compelling the City to authorize AT&T to install the Approved Small Cells.

36.    In addition to the above order, Plaintiff seeks a determination of the parties' respective rights and duties and a declaration that:

  a.    The City is imposing an express moratorium, which results in an unlawful prohibition or effective prohibition of telecommunications services in violation of 47 U.S.C. §§ 253(a) and 332(c)(7)(B)(i)(II);

  b.    By enforcing the Holiday Moratorium, the City is unlawfully prohibiting or effectively prohibiting the provision of personal wireless services in violation of 47 U.S.C. §§ 253(a) and 332(c)(7)(B)(i)(II).

  c.    The City is imposing requirements on installing requiring compliance with its provisions regarding placement of small wireless facilities in FDOT-controlled rights-of-way in violation of Fla. Stat. § 337.401(7)(d)(3)(d).

  d.    The City imposed an express moratorium in violation of Fla. Stat. § 337.401(7)(g).

37.    The declaratory and injunctive relief requested herein is necessary and appropriate because the City has violated the Telecom Act and the Florida Small Cell Statute by effectively prohibiting AT&T from providing personal wireless services.

**COUNT I**
**DECLARATORY AND INJUNCTIVE RELIEF**
**PURSUANT TO 47 U.S.C. § 332(c)(7)(B)**

38.    AT&T hereby incorporates by reference the allegations of paragraphs 1 through 37, as though fully set forth herein.

11

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

39.    AT&T submitted permit applications that seek to install more than 100 new small cell facilities in the ROW within the City of Miami.

40.    The City, FDOT, and other appropriate permitting entities have granted the permits and approvals required for AT&T to install the Approved Small Cells.

41.    The City's Holiday Moratorium, its enforcement of the Holiday Moratorium, and its refusal to grant an exception or waiver to authorize AT&T to install the Approved Small Cells prohibit, effectively prohibits, and materially inhibits AT&T from providing and improving critical wireless services in the City.

42.    The City's Holiday Moratorium is the kind of local action specifically identified by the FCC as violating Section 253 and Section 332. *See FCC Moratoria Ruling*, ¶¶ 145-168. By enforcing the Holiday Moratorium, the City is directly preventing the installation of infrastructure necessary to provide wireless telecommunication services. *FCC Moratoria Ruling*, ¶ 147 (finding that "express moratoria limit the provision of service, harm competition, and impose significant costs that impede the deployment of telecommunications infrastructure and thereby exacerbate the digital divide").

43.    The Telecom Act further provides that "[t]he regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof * * * shall not prohibit or have the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(II).

44.    The FCC has stated that a moratorium constitutes an effective prohibition. *See FCC Moratoria Ruling*, ¶¶ 145-168.

45.    The City's actions prohibit or effectively prohibit AT&T from providing personal wireless services. The City's enforcement of its Holiday Moratorium with respect to the Approved Small Cells is ultra vires and devoid of any valid legal justification.

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

ACTIVE 11433340.1

46.     Given enforcement of the Holiday Moratorium with respect to the Approved Small Cells, there is a substantial controversy between AT&T and the City regarding AT&T's rights.

47.     The interests of AT&T and the City are adverse.

48.     As set forth in detail above, specifically the City's enforcement of the Holiday Moratorium in light of the upcoming Super Bowl, the dispute between AT&T and the City is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

49.     While AT&T believes that it is not required to plead and prove the elements for injunctive relief, since injunctive relief is the remedy contemplated for violations of the Telecom Act (which includes 47 U.S.C. § 332(c)(7)(B)), AT&T alleges as follows:

(a) AT&T has a substantial likelihood of prevailing on the merits because the City is effectively prohibiting and materially inhibiting AT&T from providing and improving wireless services in violation of 47 U.S.C. § 332(c)(7)(B);

(b) AT&T will suffer irreparable harm unless the City is ordered to not enforce the Holiday Moratorium with respect to the Approved Small Cells as the Approved Small Cells are necessary to provide adequate coverage to subscribers during peak periods of traffic such as the upcoming Super Bowl, and if the Holiday Moratorium continues to be enforced, AT&T will suffer irreparable harm such as lost subscribers, lost goodwill, reputation damages, and a loss of the ability to compete for subscribers;

(c) The injury to AT&T outweighs the harm an injunction may cause since the Approved Small Cells are necessary to provide adequate service, especially during peak periods like the upcoming Super Bowl, and the Approved Small Cells, if constructed, will not impose any unnecessary hardship on the City but will instead benefit the City by providing better wireless coverage.

(d) An injunction will not disserve the public interest because the Approved Small Cells will provide wireless services in accordance with the Telecom Act.

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

WHEREFORE, AT&T seeks judgment against the City:

(i)      requiring the City to immediately cease enforcement of its Holiday Moratorium on the construction of the Approved Small Cells;

(ii)     mandating that the City issue a letter to all necessary authorities and permitting entities, including FDOT, providing that AT&T is allowed to install the Approved Small Cells despite the Moratorium;

(iii)    declaring that the City is prohibiting, effectively prohibiting and materially inhibiting the provision of wireless services, in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II);

(iv)    for costs as allowed by law; and

(v)     such other and further relief as this Court deems just and proper.

## COUNT II
## DECLARATORY AND INJUNCTIVE RELIEF
## PURSUANT TO FLA. STAT. § 337.401(7)(d)(3)(d)

50.     AT&T hereby incorporates by reference the allegations of paragraphs 1 through 37, as though fully set forth herein.

51.     Under Florida's Small Cell Statute, an authority (in this case, the City) may not:

> Require compliance with an authority's provisions regarding placement of small wireless facilities or a new utility pole used to support a small wireless facility in rights-of-way under the control of the department unless the authority has received a delegation from the department for the location of the small wireless facility or utility pole, or require such compliance as a condition to receive a permit that is ancillary to the permit for collocation of a small wireless facility, including an electrical permit.

Fla. Stat. § 337.401(7)(d)(3)(d).

52.     The City has not received a delegation from FDOT. By enforcing the Holiday Moratorium with respect to the Approved Small Cells located within the FDOT ROW, the City is requiring compliance with its provisions regarding placement of small wireless facilities in FDOT-controlled rights-of-way in violation of the Florida Small Cell Statute.

14

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

53.     The Florida Small Cell Statute provides that any person aggrieved by a violation of the Statute may bring a civil action in a United States District Court, and the Court may direct the recovery of costs, including reasonable attorney fees. Fla. Stat. §§ 337.401(8)(a) and (b)(2).

54.     Given the City's enforcement of the Holiday Moratorium with respect to the Approved Small Cells, there is a substantial controversy between AT&T and the City regarding AT&T's rights.

55.     The interests of AT&T and the City are adverse.

56.     As set forth in detail above, specifically the City's enforcement of the Holiday Moratorium in light of the upcoming Super Bowl, the dispute between AT&T and the City is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

57.     While AT&T believes it is not required to plead and prove the elements for injunctive relief, since injunctive relief is the remedy contemplated for violations of Florida's Small Cell Statute (which includes Fla. Stat. § 337.401(7)(d)(3)(d)), AT&T alleges as follows:

(a) AT&T has a substantial likelihood of prevailing on the merits because the City is requiring compliance with its Holiday Moratorium with respect to placement of small wireless facilities in the FDOT rights-of-way, in violation of Fla. Stat. § 337.401(7)(d)(3)(d).

(b) AT&T will suffer irreparable harm unless the City is ordered to not enforce the Holiday Moratorium with respect to the Approved Small Cells as the Approved Small Cells are necessary to provide adequate coverage to subscribers during peak periods of traffic such as the upcoming Super Bowl, and if the Holiday Moratorium continues to be enforced, AT&T will suffer irreparable harm such as lost subscribers, lost goodwill, reputation damages, and a loss of the ability to compete for subscribers;

(c) The injury to AT&T outweighs the harm an injunction may cause since the Approved Small Cells are necessary to provide adequate service, especially during peak periods like the upcoming Super Bowl, and the Approved Small Cells, if constructed, will not impose

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

any unnecessary hardship on the City but will instead benefit the City by providing better wireless coverage.

(d) An injunction will not disserve the public interest because the Approved Small Cells seek to provide wireless services in accordance with the Florida Small Cell Statute.

58.     The Florida Small Cell Statute provides that any person aggrieved by a violation of the Statute may bring a civil action in a United States District Court, and the Court may direct the recovery of costs, including reasonable attorney fees. Fla. Stat. §§ 337.401(8)(a) and (b)(2).

59.     AT&T has been required to retain counsel to represent it in this cause and has obligated itself to pay said attorneys a reasonable fee for their services rendered herein, together with reimbursement of costs expended.

WHEREFORE, AT&T seeks judgment against the City:

(i)     declaring that the City has violated Fla. Stat. § 337.401(7)(d)(3)(d) because FDOT has not delegated the required authority to the City;

(ii)    requiring the City to immediately cease enforcement of its Holiday Moratorium on the construction of the Approved Small Cells;

(iii)   mandating that the City issue a letter to all necessary authorities and permitting entities, including FDOT, providing that AT&T is allowed to install the Approved Small Cells despite the Moratorium;

(iv)    for reasonable attorneys' fees and costs pursuant to section 337.401(8)(b)(2) of the Florida Statutes; and

(v)     such other and further relief as this Court deems just and proper.

## COUNT III
## DECLARATORY AND INJUNCTIVE RELIEF
## PURSUANT TO FLA. STAT. § 337.401(7)(g)

60.     AT&T hereby incorporates by reference the allegations of paragraphs 1 through 37, as though fully set forth herein.

61.     Under the Florida Small Cell Statute, an authority (in this case, the City) may not:

16

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

> institute, either expressly or de facto, a moratorium, zoning-in-progress, or other mechanism that would prohibit or delay the filing, receiving, or processing of registrations, applications, or issuing of permits or other approvals for the collocation of small wireless facilities or the installation, modification, or replacement of utility poles used to support the collocation of small wireless facilities.

Fla. Stat. § 337.401(7)(g)

62.     By enforcing the Holiday Moratorium with respect to the Approved Small Cells, the City has instituted an express moratorium that will prohibit or delay approvals for AT&T to collocate and/or install/modify/replace utility poles to support the Approved Small Cells in violation of the Florida Small Cell Statute.

63.     The Florida Small Cell Statute provides that any person aggrieved by a violation of the Statute may bring a civil action in a United States District Court, and the Court may direct the recovery of costs, including reasonable attorney fees. Fla. Stat. §§ 337.401(8)(a) and (b)(2).

64.     Given the City's enforcement of the Holiday Moratorium with respect to the Approved Small Cells, there is a substantial controversy between AT&T and the City regarding AT&T's rights.

65.     The interests of AT&T and the City are adverse.

66.     As set forth in detail above, specifically the City's enforcement of the Holiday Moratorium in light of the upcoming Super Bowl, the dispute between AT&T and the City is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

67.     While AT&T believes that it is not required to plead and prove the elements for injunctive relief, since injunctive relief is the remedy contemplated for violations of the Florida's Small Cell Statute (which includes Fla. Stat. § 337.401(7)(g), AT&T, alleges as follows:

(a) AT&T has a substantial likelihood of prevailing on the merits because the City is requiring compliance with its Holiday Moratorium with respect to placement of small wireless facilities, in violation of Fla. Stat. § 337.401(7)(g).

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

ACTIVE 11433340.1

(b) AT&T will suffer irreparable harm unless the City is ordered to not enforce the Holiday Moratorium with respect to the Approved Small Cells as the Approved Small Cells are necessary to provide adequate coverage to subscribers during peak periods of traffic such as the upcoming Super Bowl, and if the Holiday Moratorium continues to be enforced, AT&T will suffer irreparable harm such as lost subscribers, lost goodwill, reputation damages, and a loss of the ability to compete for subscribers;

(c) The injury to AT&T outweighs the harm an injunction may cause since the Approved Small Cells are necessary to provide adequate service, especially during peak periods like the upcoming Super Bowl, and the Approved Small Cells, if constructed, will not impose any unnecessary hardship on the City but will instead benefit the City by providing better wireless coverage.

(d) An injunction will not disserve the public interest because the Approved Small Cells seek to provide wireless services in accordance with the Florida Small Cell Statute.

68.     The Florida Small Cell Statute provides that any person aggrieved by a violation of the Statute may bring a civil action in a United States District Court, and the Court may direct the recovery of costs, including reasonable attorney fees. Fla. Stat. §§ 337.401(8)(a) and (b)(2).

69.     AT&T has been required to retain counsel to represent it in this cause and has obligated itself to pay said attorneys a reasonable fee for their services rendered herein, together with reimbursement of costs expended.

WHEREFORE, AT&T seeks judgment against the City:

(i)     declaring that the City has violated Fla. Stat. § 337.401(7)(g);

(ii)    requiring the City to immediately cease enforcement of its Holiday Moratorium on the construction of the Approved Small Cells;

(iii)   mandating that the City issue a letter to all necessary authorities and permitting entities, including FDOT, providing that AT&T is allowed to install the Approved Small Cells despite the Moratorium;

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

(iv)    for reasonable attorneys' fees and costs pursuant to section 337.401(8)(b)(2) of the Florida Statutes; and

(v)    such other and further relief as this Court deems just and proper.

**COUNT IV**
**DECLARATORY RELIEF**
**PURSUANT TO 47 U.S.C. §§ 253 and 332(c)(7)(B)(i)(II)**

70.    AT&T hereby incorporates by reference the allegations of paragraphs 1 through 37, as though fully set forth herein.

71.    The City's Holiday Moratorium prohibits or limits construction within certain rights-of-way in the City during the period November 26, 2019 and January 2, 2020.

72.    The Holiday Moratorium constitutes an unlawful moratorium and effective prohibition under the Telecom Act. 47 U.S.C. §§ 253 and 332(c)(7)(B)(i)(II).

73.    Given the City's Holiday Moratorium, there is a substantial controversy between AT&T and the City regarding the Holiday Moratorium.

74.    The interests of the AT&T and the City are adverse.

75.    As set forth in detail above, specifically the City's Holiday Moratorium, the dispute between AT&T and the City is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

WHEREFORE, AT&T seeks judgment against the City: (i) declaring that the City's Holiday Moratorium is preempted by 47 U.S.C. §§ 253 and 332(c)(7)(B)(i)(II); and (ii) granting such other and further relief as this Court deems just and proper.

**COUNT V**
**INJUNCTIVE RELIEF**

76.    AT&T hereby incorporates by reference the allegations of paragraphs 1 through 37, as though fully set forth herein.

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

77.     The City's action violated the Telecommunications Act of 1996, including, but not limited to, Sections 253 and 332(c)(7)(B).

78.     The City's action also violated Florida's Small Cell Statute, including, but not limited to, Fla. Stat. §§ 337.401(7)(d)(3)(d) and 337.401(7)(g).

79.     The City's actions were arbitrary and capricious, exceeded the City's authority, and constituted an abuse of discretion.

80.     The City's actions are preempted by the Telecommunications Act of 1996 and are therefore void and invalid.

81.     While AT&T believes it is not required to plead and prove the elements for injunctive relief, since injunctive relief is the remedy contemplated for violations of the Telecom Act and the Florida Cell Statute, AT&T alleges as follows:

(a) AT&T has a substantial likelihood of prevailing on the merits because the City is enforcing its Holiday Moratorium with respect to the Approved Small Cells in violation of the Telecom Act and Florida's Small Cell Statute as set forth above.

(b) AT&T will suffer irreparable harm unless the City is ordered to take all actions necessary to allow the installation of the Approved Small Cells, as the Approved Small Cells are necessary to provide adequate coverage to subscribers during peak periods of traffic such as the upcoming Super Bowl, and absent approval, AT&T will suffer irreparable harm such as lost subscribers, lost goodwill, reputation damages, and a loss of the ability to compete for subscribers;

(c) The threatened injury to AT&T outweighs the threatened harm an injunction may cause since the Approved Small Cells are necessary to provide adequate service, especially during peak periods like the upcoming Super Bowl, and the Approved Small Cells will not impose any unnecessary hardship on the City but would rather benefit the City by providing better wireless coverage.

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

(d) An injunction will not disserve the public interest because the Approved Small Cells will provide wireless services in accordance with the Telecom Act and Florida's Small Cell Statute.

82.     The Florida Small Cell Statute provides that any person aggrieved by a violation of the Statute may bring a civil action in a United States District Court, and the Court may direct the recovery of costs, including reasonable attorney fees. Fla. Stat. §§ 337.401(8)(a) and (b)(2).

83.     AT&T has been required to retain counsel to represent it in this cause and has obligated itself to pay said attorneys a reasonable fee for their services rendered herein, together with reimbursement of costs expended.

WHEREFORE, AT&T seeks judgment against the City:

(i)     requiring the City to immediately cease enforcement of its Holiday Moratorium against the construction and installation of the Approved Small Cells;

(ii)    ordering the City to take all steps necessary to allow the construction and installation of the Approved Small Cells;

(iii)   mandating that the City issue a letter to all necessary authorities and permitting entities, including FDOT, providing that AT&T is allowed to install the Approved Small Cells despite the Moratorium;

(iv)    enjoining the city not to interfere with the construction and installation of the Approved Small Cells;

(v)     for attorneys' fees and costs pursuant to section 337.401(8)(b)(2) of the Florida Statutes; and

(vi)    granting such other and further relief as this Court deems just and proper.

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

## COUNT VI
## DECLARATORY RELIEF

84.     AT&T hereby incorporates by reference the allegations of paragraphs 1 through 37, as though fully set forth herein.

85.     AT&T seeks a determination of the parties' respective rights and duties and a declaration that:

> a.  The City imposed an express moratorium, which resulted in an unlawful prohibition, effective prohibition and material inhibition of telecommunications services in violation of 47 U.S.C. §§ 253(a) and 332(c)(7)(B)(i)(II);
>
> b.  The City is prohibiting, effectively prohibiting and materially inhibiting the provision of wireless services in violation of 447 U.S.C. §§ 253(a) and 332(c)(7)(B)(i)(II);
>
> c.  The City imposed an express moratorium in violation of Fla. Stat. § 337.401(7)(g);
>
> d.  By enforcing the Holiday Moratorium with respect to the placement of the Approved Small Cells in the FDOT rights-of-way, the City has violated Fla. Stat. § 337.401(7)(d)(3)(d).

86.     A controversy has arisen between AT&T and the City. AT&T alleges that the City has exceeded the authority reserved to it under the federal and state constitution, in violation of various federal and state statutes. The City refused to acknowledge AT&T's rights and is blocking AT&T from constructing and installing its Approved Small Cells. Thus, it would be fair, just, and equitable for the Court to determine such rights between the parties.

87.     The Florida Small Cell Statute provides that any person aggrieved by a violation of the Statute may bring a civil action in a United States District Court, and the Court may direct the recovery of costs, including reasonable attorney fees. Fla. Stat. §§ 337.401(8)(a) and (b)(2).

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

ACTIVE 11433340.1

88.    AT&T has been required to retain counsel to represent it in this cause and has obligated itself to pay said attorneys a reasonable fee for their services rendered herein, together with reimbursement of costs expended.

WHEREFORE, Plaintiff seek judgment as follows:

(i)    declaratory and injunctive relief as described above;

(ii)    awarding AT&T its attorneys' fees and costs pursuant to pursuant to section 337.401(8)(b)(2) of the Florida Statutes; and

(iii)    granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

By:   /s/ Michael B. Green
George S. LeMieux, FBN:16403
glemieux@gunster.com
Michael B. Green, FBN: 87571
mgreen@gunster.com
**GUNSTER**
600 Brickell Avenue
Suite 3500
Miami, Florida 33131
Telephone: 305-376-6000
Facsimile: 305-376-6010

**GUNSTER**
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

ACTIVE 11433340.1